**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Civil Action No.: 1:25-cv-00630

**DYLAN BROOKS**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**CITIOFBOOKS, INC.**, a New Mexico corporation,
,

Defendant.

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff Dylan Brooks ("Plaintiff" or "Brooks") brings this Class Action Complaint against Defendant Citiofbooks, Inc. ("Defendant" or "Citi of Books") to: (1) stop Defendant's practice of placing telemarketing calls using an automatic telephone dialing system ("ATDS") to cellular telephones of consumers nationwide without their prior express written consent, (2) stop Defendant's practice of placing telephone solicitation calls to the residential telephones of consumers nationwide, (3) enjoin Defendant from continuing to place these unlawful calls, and (4) obtain redress for all persons injured by Defendant's conduct. Plaintiff seeks an award of statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA") for himself and for the members of the alleged Class, plus court costs and reasonable attorneys' fees.

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and

belief, including investigation conducted by his attorneys.

**PARTIES**

3. Plaintiff Brooks is a natural person over the age of eighteen (18), and he resides in Winston Salem, Forsyth County, North Carolina.

4. Defendant Citi of Books is a corporation organized and exiting under the laws of the State of New Mexico with its principal place of business located at 3736 Eubank Blvd. NE, Building A, Albuquerque, NM 87111. Defendant conducts business throughout New Mexico and the United States.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

6. This Court has personal jurisdiction over Defendant because it solicits significant business in this District, is headquartered in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

**ALLEGATIONS OF FACT**

8. Citi of Books describes itself as "a publishing and marketing company that provides quality, efficient services to authors looking to publish and sell their books through our partnered physical bookstores and online marketplaces such as Amazon and Barnes & Noble,

among others."[1]

9. At all times relevant, Plaintiff was the subscriber and sole customary user of a personal cellular telephone number ending in 5207. Plaintiff's number was placed on the National Do Not Call Registry on January 17, 2007.

10. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

11. The National Do Not Call ("DNC") Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. As part of its business practice, Citi of Books places telemarketing calls to consumers nationwide.

14. Unfortunately for consumers, Citi of Books utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its services, often times calling consumers on their cellular phones.

15. In Citi of Books's overzealous attempts to market its services, Citi of Books

1 https://citiofbooks.com/faq/

placed (and continues to place) phone calls to consumers that never provided consent to be called and to consumers with whom Defendant has had no prior dealings or relationship. Worse yet, Citi of Books placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

16. Citi of Books's calls seek to generate leads for its marketing and publishing services. However, it failed to appropriately segment its call list between landline and cell phone numbers. As a result, Citi of Books called cell phone numbers using its ATDS, which is expressly prohibited by the Telephone Consumer Protection Act ("TCPA").

17. To be sure, Defendant's calls are advertisements. Specifically, Citi of Books makes its autodialed calls to cell phones for the purposes of soliciting people to pay Citi of Books money for its publishing and marketing services.

18. Not surprisingly, these practices have led to significant complaints from consumers, which can be found quickly on the Internet. For example, consumers have publicly complained that:

- Publishing company reaching out to get your book(s) published and in front of public;[2]
- They won't stop calling. I asked again to be put on their Do Not Call list and they just hung up;[3]
- [C]alled and left me the following msg, "Hi, I'm leaving this message, too. **** ******* ******, this is **** ******. One of the little area of a specialist of City of Books. If you get this message, please call me back at ************. once again, ******* ***** and my extension **** country to talk to you. Your book and your authorship. Call me as soon as I got this message. Thank you and have a good one." I have had no contact with this

[2] https://800notes.com/Phone.aspx/1-877-389-2759
3 *Id*.

company or person. I did not return the call, and, I blocked the number as spam.;[4]

- Phone automatically flagged the call as potential spam so I let it go to voicemail. Dean left a lengthy message without much detail. It was the usual spiel, my books cost too much and its discouraging buyers but if I call him back and let Citi of Books republish my work then they can fix the pricing to increase my sales.[5]; and
- [Describing saga of attempting to get Citi of Books's telemarketing calls to stop and stating] My message clearly indicated that not only did I NOT want to do business with Citi of Books but that the message was to serve as my official request to be removed from ALL contact lists within Citi of Books and that Citi of Books was NOT to contact me regarding ANY current or future works published under my name.[6]

19. In making the autodialed calls at issue in this Complaint, Defendant and/or its agents utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant and/or its agents has the capacity to use (and, on information and belief, did in fact use) a random or sequential number generator to either store telephone numbers or to produce telephone numbers, and then to dial such numbers.

20. On information and belief, the dialing system used to place the calls at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for calling at a later date. On further information and belief, in placing the calls at issue Defendant employed this feature of its dialing system.

21. Defendant knowingly made (and continue to make) telemarketing calls without the prior express consent of the call recipients, including to those on the Do Not Call Registry. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the Class but also intentionally and repeatedly violated the TCPA.

---

[4] https://www.bbb.org/us/nm/albuquerque/profile/publishing-consultant/citi-of-books-inc-0806-99176543/complaints
[5] https://garyrichardsonauthor.com/pages/writers-beware
[6] *Id.*

22. The TCPA was enacted to protect consumers from unauthorized, unsolicited telephone calls exactly like those alleged in this Complaint—autodialed calls placed to numbers without consent, and without prior express invitation or permission as to persons who listed their phone numbers on the Do Not Call Registry.

**FACTS SPECIFIC TO PLAINTIFF BROOKS**

23. Brooks is the owner and customary user of a cellular telephone number ending in 5207. This number is for personal use and is not a business number.

24. On January 17, 2007, Brooks's number was placed on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on his cellular phone.

25. In May 2025, Brooks received a series of unsolicited telemarketing calls from Citi of Books, all from the number 877-389-2759.

26. The dates of these calls were May 6, 2025, May 8, 2025, and May 20, 2025.

27. After each call, Citi of Books left a substantially-similar voicemail which said "Hi, I want to leave a message to Yoga. This is Danika Sawyer, a literary agent from Citi of Books. This is in regards to a letter from bookstores and libraries who are actually interested in your book. If you receive my message, please give me a call back at your earliest convenience at this number, 877-389-2759, extension number is 1248. Again this is Danika Sawyer and I hope you have a great day. Bye for now".

28. Brooks is not named "Yoga" and has never gone by that name.

29. Brooks did not write a book that he was trying to publish.

30. Brooks does not have a relationship with Citi of Books, has never provided his telephone number to Citi of Books, and has never requested that Citi of Books place calls to her or offer its services. Simply put, Plaintiff has never provided any form of prior express written

consent to Citi of Books to place calls to him and has no business relationship with Citi of Books.

31. The calls were placed using an ATDS. Citi of Books made repeated calls to Brooks, left virtually identical generic voice mail messages, and had no relationship with Brooks. Simply stated, the impersonal and generic nature of the voicemails (virtually identical) as well as the frequency of the calls and the lack of consent are all indicative of the use of an ATDS.

32. On information and belief, the equipment used to place the calls at issue has the capacity to use a random or sequential number generator in the process of storing numbers for calling at a later date.

33. Defendant at all times is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

34. By places the unauthorized autodialed calls alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

35. To redress these injuries, Plaintiff, on behalf of himself and Classes of similarly situated individuals, brings this suit under the TCPA. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telemarketing activities and an award of

statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Classes defined as follows:

> **Do Not Call Registry Class**: All persons in the United States (1) to whom Citi of Books placed, or directed to be place, more than one telephone calls within a 12 month period for purposes of solicitating the sale of Citi of Book's services, (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Citi of Books placed or directed to be placed at least two of the calls within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Citi of Books claims it obtained prior express invitation or permission in the same manner as Citi of Books claims it obtained prior express invitation or permission from Plaintiff, or for whom it did not obtain prior express invitation or permission.

> **Autodialed Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant (or a third person acting on behalf of Defendant) placed at least one telephone call; (3) to the person's cellular telephone number; (4) for the purpose of promoting Defendant's products or services; (5) using the same dialing equipment that was used to place the calls to Plaintiff; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to place calls to the Plaintiff, or for whom it did not obtain prior express written consent.

37. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

38. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to hundreds or thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records.

39. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

40. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

41. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant, without first obtaining prior express invitation or permission, systematically placed more than one telephone solicitation call to members of the Class more than (30) days after the Class members' number was placed on the National DNC Registry;

(c) whether Defendant properly "scrubbed" its calling list against the National DNC Registry;

(d) whether Defendant's dialing system constitutes an ATDS;

(e) whether Defendant obtained prior express written consent; and

(f) the availability of statutory damages and whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## <u>FIRST CAUSE OF ACTION</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the DNC Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Registry Class received more than one call in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

48. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Registry Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Autodialed Class)**

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. Defendant (or a third person acting on behalf of Defendant) made unsolicited and unwanted autodialed calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Class, without their prior express consent in an effort to solicit consumers to buy Citi of Books's services or products.

52. Further, Defendant placed the calls using equipment that, on information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

53. Further, these calls were made *en masse* and without the prior express consent of Plaintiff and the other members of the Autodialed Class to receive such wireless spam.

54. By placing the unsolicited calls to Plaintiff and members of the Autodialed Class's cellular telephones without prior express consent, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

55. As a result of such conduct, Plaintiff and the other members of the Autodialed Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

56. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 3, 2025

**DYLAN BROOKS**, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Patrick H. Peluso
ppeluso@pelusolawfirm.com
**PELUSO LAW, LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

Attorneys for Plaintiff and the Alleged Class